UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TURFLEY,<br><br>                      Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO et al.,<br><br>                      Defendants. | Case No.: 19-cv-1585-CAB-BGS<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT** |

On August 23, 2019, Plaintiff, a non-prisoner, filed a complaint that names the City of San Diego (the "City"), the San Diego Police Department (the "SDPD"), the County of San Diego (the "County"), and the "San Diego County Prosecutor" (the "Prosecutor") as defendants. [Doc. No. 1.] Plaintiff did not pay the requisite filings fees and instead filed an application for leave to proceed in forma pauperis ("IFP"). [Doc. No. 2.] As discussed below, Plaintiff's application to proceed IFP is granted, and the complaint is dismissed pursuant to the sua sponte screening required by 28 U.S.C. § 1915(e)(2)(B).

**I.    Application to Proceed IFP**

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a plaintiff's failure to prepay the entire fee only if the

plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a. Here, Plaintiff's application demonstrates that Plaintiff lacks the financial resources to pay the filing fees and still afford the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also* 28 U.S.C. § 1915(a).

## II. Sua Sponte Screening

Notwithstanding the foregoing, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review and dismissal should the Court determine, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The complaint here is handwritten on a pre-printed form. In the section with the heading, "Statement of Claim", the complaint makes a one sentence allegation against each defendant. As for the City, the complaint alleges that it did not stop systemic racism on the police force and that allowing the police department to investigate itself is a conflict of interest. As for the SDPD, the complaint alleges that the SDPD has a conflict of interest in investigating its own crime (the complaint does not identify the alleged crime in question), and that it does not train officers in race relations and avoiding excessive force. As for the County, the complaint alleges that the justice system is "full of systemic racism" and that the County did not end the racism by preventing police from filing charges against people the police have beaten. Finally, as for the Prosecutor, the complaint alleges that it files charges against people the police have beaten and not against the police officers.

In the section of the complaint form with the heading "Relief You Request," the complaint states:

> Order the City and County to cease and desist funding the Prosecutor and the police department until they resolve the conflict of interest and take steps to end systemic racism and police brutality. Dismiss the charges against me and pay me for a great deal of pain and suffering. Place an injunction against all City, County, State, and local courts in the Court's jurisdiction to stop filing unjust charges against people after the police have beaten them up if the charges dismissed. I want to be able to sophenia [sic] my audiologist and the doctor who repaired my eye, emergency room records when I was passing out in pain, police officers employment records, jail records and witnesses to show that my girlfriend who called 911 and enrage police causing them to beat me has multiple personalities. My public defender is not sopheniaing [sic] people and records I need for my defence.

In short, the allegations in the "statement of claim" section of the complaint do not state a plausible claim for relief for Plaintiff. The complaint does not allege any facts about actions by any of the defendants against Plaintiff personally. Absent factual allegations about any injuries suffered by Plaintiff as a result of alleged wrongful actions by Defendants, Plaintiff does not have standing to challenge alleged systemic racism by Defendants.

Further, the Court cannot provide most of the relief requested by Plaintiff. Plaintiff does not have standing to seek general injunctive relief against the City and County concerning the funding of the Prosecutor and SDPD. This Court cannot issue a general injunction against state courts concerning the filing of criminal charges. Finally, this Court cannot order a state court to dismiss pending criminal charges against Plaintiff, order a state court to allow discovery in a pending criminal case, or order Plaintiff's public defender to take such discovery.

### III. Disposition

Plaintiff's allegations are conclusory and fail to state a plausible claim for relief. The complaint also does not seek relief that Plaintiff has standing to obtain and that this Court has the jurisdiction to provide. For the foregoing reasons, it is hereby ordered that Plaintiff's application to proceed IFP is **GRANTED,** and the complaint is **DISMISSED**[1] for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Plaintiff may file an amended complaint no later than **September 26, 2019**.

It is **SO ORDERED**.

Dated: August 26, 2019

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] In light of this ruling, Plaintiff's motion to appoint counsel [Doc. No. 3] is **DENIED** as moot.